Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
**MANNING LAW, APC**
26100 Towne Centre Drive
Foothill Ranch, CA 92610
Office: (949) 200-8755
DisabilityRights@manninglawoffice.com

Attorneys for Plaintiff PERLA MAGENO

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERLA MAGENO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MON RESTAURANT GROUP, INC., a Nevada corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:24-cv-10737-MEMF-RAO<br><br>Hon. Maame Ewusi-Mensah Frimpong<br><br>**NOTICE OF MOTION AND MOTION TO REMAND ACTION TO THE SUPERIOR COURT OF CALIFORNIA FOR THE COUNTY OF LOS ANGELES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Complaint filed: August 11, 2024<br>Removed: December 13, 2024<br><br>Date: February 13, 2025<br>Time: 10:00 a.m.<br>Ctrm: 8B |

PLEASE TAKE NOTICE that on February 13, 2025, at 10:00 a.m. in Courtroom 8B of the United States Courthouse, 350 West First Street, Los Angeles, CA, 90012, before the Honorable Maame Ewusi-Mensah Frimpong, United States District Judge, Plaintiff Perla Mageno ("Plaintiff") will and hereby does move to remand this action to the Superior Court of California for the County of Los Angeles.

Plaintiff moves to remand this action for lack of subject matter jurisdiction. Specifically, Plaintiff has not alleged an intent to return sufficient to satisfy the Article III standard for redressability. *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992).

While an intent to return is required for Article III standing, the Superior Court of California has the power to redress the injury because "[i]n a California state court (unlike a federal court), the relevant question is not whether the party seeking the injunction is likely to be injured again, but whether 'there is a realistic prospect that the party enjoined intends to engage in the prohibited activity.'" *Saurman v. Peter's Landing Property Owner, LLC* (2024) 103 Cal. App. 5th 1148, 1164; *citing Korean Philadelphia Presbyterian Church v. California Presbytery* (2000) 77 Cal.App.4th 1069, 1084. *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016). ("Remand is the correct remedy because a failure of federal subject-matter jurisdiction means only that the *federal* courts have no power to adjudicate the matter. State courts are not bound by the constraints of Article III.")

Plaintiff also moves to remand this action on the ground that the action is not properly removable because Defendant has offered no evidence that the amount in controversy exceeds $75,000 to establish diversity jurisdiction under 28 U.S.C. §§ 1332; 1441.

This motion is made pursuant to 28 U.S.C. § 1447(c). This motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the pleadings and papers on file in this action, and on such further evidence and argument as may be presented before or at the time of hearing.

This motion is made following the meet and confer with Counsel for Defendant on December 23, 2024.

Dated: January 8, 2025    **MANNING LAW, APC**

By: */s/ Joseph R. Manning, Jr., Esq.*
Joseph R. Manning, Jr., Esq.
Attorneys for Plaintiff

# TABLE OF CONTENTS

I.    INTRODUCTION ……………………………………………………...1

II.    ARGUMENT …………………………………………………………….3

A. Applicable Law …...............................................................................3

B. This Case Must Be Remanded Because Defendant Cannot Establish
   that the Court Has Subject Matter Jurisdiction Under Article III ……..…6

C. The Court Does Not have Discretion to Dismiss Rather than Remand …6

D. Defendant Cannot Establish that Remand Would Be Futile ..…............9

E. Any Outcome Except Remand Would Be Wasteful and Impractical .....10

F. This Action Is Also Not Removable Under 28 U.S.C. § 1332(a)(1)…...11

III.    CONCLUSION …......................................................................16

i

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Arroyo v. Rosas,*
    19 F.4th 1202 (9th Cir. 2021) ...............................................................................10

*ASARCO Inc. v. Kadish,*
    490 U.S. 605 (1989)...............................................................................................2

*Bell v. City of Kellogg,*
    922 F.2d 1418 (9th Cir. 1991) ................................................................................9

*Bruns v. Nat'l Credit Union Admin.,*
    122 F.3d 1251 (9th Cir. 1997) ............................................................................7, 9

*Colo. River Water Conservation Dist. v. United States,*
    424 U.S. 800 (1976)...............................................................................................10

*D'Lil v. Best W. Encina Lodge & Suites,*
    538 F.3d 1031 (9th Cir. 2008) ................................................................................4

*Emrich v. Touche Ross & Co.,*
    846 F.2d 1190 (9th Cir. 1988) ................................................................................10

*Fischer v. SJB-P.D. Inc.,*
    214 F.3d 1115 (9th Cir. 2000) .............................................................................4, 6

*Frothingham v. Mellon,*
    262 U.S. 447 (1923)................................................................................................4

*Gunn v. Minton,*
    133 S.Ct. 1059 (2013 (*quoting Kokkonen v. Guardian Life Ins. Co. of America,*
    511 U.S. 375, 377 (1994)))....................................................................................3

*Hunter v. Philip Morris USA,*
    582 F.3d 1039 (9th Cir. 2009) ................................................................................3

*Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund,*
    500 U.S. 72 (1991)...............................................................................................2, 7

*Kokkonen v. Guardian Life Ins. Co. of Am.,*
    511 U.S. 375 (1994)................................................................................................10

*Lee v. Am. Nat. Ins. Co.,*
    260 F.3d 997 (9th Cir. 2001) ...............................................................................2, 7

*Lujan v. Defenders of Wildlife,*
    504 U.S. 555 (1992)................................................................................1, 4, 5, 6

*Pacific Gas & Electric Co. v. Minnette,*
    115 Cal.App.2d 698 (Cal. Ct. App. 1953) ...........................................................5

*People for the Ethical Operation of Prosecutors & Law Enf't v. Rackauckas,*
    Case No.........................................................................................................7, 8, 10

*Polo v. Innoventions Int'l, LLC,*
    833 F.3d 1193 (9th Cir. 2016) ......................................................................2, 7, 9

*Robb v. Connolly,*
    111 U.S. 624 ..........................................................................................................2

*Saurman v. Peter's Landing Property Owner, LLC*
    (2024) 103 Cal. App. 5th 1148 ........................................................................ 1, 5

*Silver Sage Partners, LTD v. City of Desert Hot Springs,*
    251 F.3d 814 (9th Cir. 2001) .................................................................................3

*Ste Steel Co. v. Citizens for Better Environment,*
    523 U.S. 83 (1998), 101-02 ...........................................................................2, 3, 7

*Sullivan v. First Affiliated Sec., Inc.,*
    813 F.2d 1368 (9th Cir. 1987) ...........................................................................3, 6

*Summers v. Earth Island Inst.,*
    555 U.S. 488 (2009)...............................................................................................5

*Tafflin v. Levitt,*
    493 U.S. 455, 110 S.Ct. 792, 107 L.Ed.2d 887 (1990).......................................10

*Valley Forge College v. Americans United,*
    454 U.S. 464 (1982)...............................................................................................4

**Statutes**

28 U.S.C. § 1331.........................................................................................................1

28 U.S.C. § 1447(c) ...........................................................................................2, 7, 9

**MEMORANDUM OF POINTS & AUTHORITIES**

## I.    INTRODUCTION

Plaintiff Perla Mageno ("Plaintiff") filed this action in the Superior Court of California. Her complaint asserts two causes of action against Defendant Mon Restaurant Group, Inc. ("Defendant") for violations of the Americans with Disabilities Act, 42 U.S.C. § 12182 et seq. ("ADA") and for violations of California's Unruh Civil Rights Act ("Unruh Act"). Plaintiff seeks statutory damages, attorneys' fees and costs, and injunctive relief.

Defendant argues that Plaintiff claims arise under the laws of the United States because the Complaint alleges violations of the ADA and that therefore this Court has original jurisdiction under 28 U.S.C. § 1331. (Notice of Removal, ¶¶ 10-11). It is not disputed that this Court has federal question jurisdiction over Plaintiff's ADA claim. However, regardless of federal question jurisdiction, the instant motion addresses the subject matter jurisdiction "case and controversy" requirements under Article III as to the issuance of injunctive relief – for which state court has a more lenient standard than the federal court. *Saurman v. Peter's Landing Property Owner, LLC* (2024) 103 Cal. App. 5th 1148, 1164 ("In a California state court (unlike a federal court), the relevant question is not whether the party seeking the injunction is likely to be injured again, but whether 'there is a realistic prospect that the party enjoined intends to engage in the prohibited activity.'") Here, Defendant cannot establish that the Court has subject matter jurisdiction under Article III at the time of removal because Plaintiff has not pleaded an intent to return sufficient to conclude that it is "likely" as opposed to merely "speculative" that the injury will be "redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992). Plaintiff has not stated facts sufficient for the federal court to find Article III standing such that the federal court is deprived of jurisdiction.

Where a court lacks subject matter jurisdiction because the plaintiff lacks Article III standing as to all claims asserted, the court cannot make a decision on the

1

merits of a case.  See *Ste Steel Co. v. Citizens for Better Environment*, 523 U.S. 83 (1998), 101-02 ("For a court to pronounce upon the meaning or the constitutionality of a state or federal law when it has no jurisdiction to do so is, by very definition, for a court to act ultra vires.") 28 U.S.C. § 1447(c) requires a district court to remand a removed case to state court if subject matter jurisdiction is lacking over the entire case. *Lee v. Am. Nat. Ins. Co.*, 260 F.3d 997, 1006 (9th Cir. 2001) (declining to remand an action due to the plaintiff's lack of Article III standing to sue one defendant in light of the court's subject matter jurisdiction over the plaintiff's other claims). Because the federal court does not have subject matter jurisdiction under Article III, this case must be remanded as a matter of law. *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 89 (1991) ("[T]he literal words of § 1447(c), [] on their face, give no discretion to dismiss rather than remand an action."); *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016). ("Remand is the correct remedy because a failure of federal subject-matter jurisdiction means only that the *federal* courts have no power to adjudicate the matter. State courts are not bound by the constraints of Article III.")

This phenomenon occurs because federal statutory rights are subject to concurrent jurisdiction in state court. *Robb v. Connolly*, 111 U.S. 624, 636 (1884). *ASARCO Inc. v. Kadish*, 490 U.S. 605, 617 (1989) (Congress specifically has said that jurisdiction is concurrent, and California state courts "possess the authority, absent a provision for exclusive federal jurisdiction, to render binding judicial decisions that rest on their own interpretations of federal law.") "[S]tate courts are not bound by the limitations of a case or controversy or other federal rules of justiciability even when they address issues of federal law, as when they are called upon to interpret the Constitution or [] a federal statute." *Id.* Due to limits or differences in standing, the ADA claim asserted in the Complaint may be viable in the state of California (as *Saurman* explicitly provides) and not in federal court. Thus, remanding Plaintiff's claim that would otherwise be subject to original federal

jurisdiction to state court does not divest the federal court of federal question jurisdiction any more than filing the complaint in state court would have. This case must be remanded.

Defendant also argues that this case is removeable because the amount in controversy exceeds the $75,000 requirement of 28 U.S.C. § 1332. Defendant has otherwise failed to establish the amount in controversy requirement for diversity jurisdiction, Defendant attempts to argue the amount in controversy exceeds $75,000 to establish diversity jurisdiction by offering no evidence or support specific to Defendant, and despite Plaintiff explicitly limiting her total recovery. Defendant's position is not supportable and the plain reading of Plaintiff's complaint warrants remand.

## II.    ARGUMENT

### A.    Applicable Law

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 133 S.Ct. 1059, 1064 (2013 (*quoting Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994))). "The burden of establishing jurisdiction falls on the party invoking the removal statute, . . . which is **strictly construed *against* removal.**" *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1371 (9th Cir. 1987) (emphasis added). "The strong presumption against removal jurisdiction means that . . . the court resolves all ambiguity *in favor of remand* to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (internal quotation marks removed) (emphasis added).

Standing is a threshold jurisdictional requirement, derived from the "case or controversy" language of Article III of the Constitution. *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 95, 102, (1998). "**A party's standing is a condition of [the court's] subject matter jurisdiction.** [Citation.]" *Silver Sage Partners, LTD v. City of Desert Hot Springs*, 251 F.3d 814, 823, fn. 11 (9th Cir. 2001) (emphasis added). "We have no power per se to review and annul acts of Congress on the ground

that they are unconstitutional. That question may be considered only when the justification for some direct injury suffered or threatened…" *Frothingham v. Mellon*, 262 U.S. 447, 488 (1923). "In this manner does Art. III limit the federal judicial power 'to those disputes which confine federal courts to a role consistent with a system of separated powers and which are traditionally thought to be capable of resolution through the judicial process.' [Citation.]" *Valley Forge College v. Americans United*, 454 U.S. 464, 472 (1982).

Here, this Court's subject matter jurisdiction could only exist only if plaintiff had Article III standing to sue for injunctive relief. Private individuals may recover only injunctive relief under Title III; monetary damages are not available. *See Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1120 (9th Cir. 2000) (citing 42 U.S.C. § 12188(a)).

In *D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031 (9th Cir. 2008) the court stated the test for standing for injunctive relief as follows:

> "In the present case, the only issue is whether D'Lil met her burden with respect to the second prong of the 'injury in fact' requirement, specifically, whether she demonstrated that her injury was 'actual or imminent' at the time that she filed her complaint. *Lujan* 504 U.S. at 560. In the context of a suit for injunctive relief, this requirement may only be satisfied where a plaintiff demonstrates 'a sufficient likelihood that he will again be wronged in a similar way' …. That is, he must establish a 'real and immediate threat of repeated injury.' [Citations.] …" Id. at 1037.

In the seminal case of *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992), cited in *D'Lil*, the Supreme Court stated the three elements for standing are:

> "First, the plaintiff must have suffered an 'injury in fact' -- an invasion of a legally protected interest which is (a) concrete and particularized, [citations]; and (b) 'actual or imminent, not "conjectural" or "hypothetical,"' [citation]. Second, there must be a causal connection between the injury and the conduct complained of -- the injury has to be 'fairly . . . trace[able] to the challenged action of the defendant, and not . . . the result [of] the independent action of some third party not before the court.' [Citation.] Third, it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.' [Citation.]" 504 U.S. at 560-561.

In *Summers v. Earth Island Inst.*, 555 U.S. 488 (2009) the Supreme Court re-affirmed the rule of law set forth in *Lujan* in a case in involving the application of Forest Service regulations stating that a "vague desire to return is insufficient to satisfy the requirement of imminent injury… ." Id. at 496.

However, there is no such intent to return requirement to establish standing for Plaintiff's state court complaint under California law. As the court in *Saurman v. Peter's Landing Property Owner, LLC* (2024) 103 Cal. App. 5th 1148, clarified:

> "In a California state court (unlike a federal court), the relevant question ***is not whether the party seeking the injunction is likely to be injured again***, but whether 'there is a realistic prospect that the party enjoined intends to engage in the prohibited activity." 103 Cal. App. 5th 1148, 1164 (*citing Korean Philadelphia Presbyterian Church v. California Presbytery* (2000) 77 Cal.App.4th 1069, 1084.) (emphasis added).

The *Saurman* court further discussed that the federal Article III standing case and controversy requirement of a "likelihood of future injury" is inapplicable in state court — **even as to a direct ADA claim brought in state court**:

> "We have recognized often that the constraints of Article III do not apply to state courts, and accordingly the state courts are not bound by the limitations of a case or controversy or other federal rules of justiciability even when they address issues of federal law, as when they are called upon to interpret the Constitution or … a federal statute. The subject of whether or not a party has standing to bring an ADA claim in state court is a question of state law rather than federal law.    A plaintiff who fails to establish Article III standing to bring suit in federal court is not necessarily barred from pursuing the same [ADA] suit in state court ... California courts are not bound by the 'case or controversy' requirement of article III of the United States Constitution, but instead are guided by 'prudential' [standing] considerations under state law." 103 Cal. App. 5th 1148.

Moreover, in *Saurman*, even a **non-disabled successor in interest to an injunctive relief claim** had a sufficient personal interest to obtain an injunction.  In California state courts, a plaintiff is allowed to seek injunctive relief, in part, based on the interests of third parties as well as the interest of the public in general. *Pacific*

*Gas & Electric Co. v. Minnette*, 115 Cal.App.2d 698, 709 (Cal. Ct. App. 1953). "State courts need not impose the same standing or remedial requirements that govern federal-court proceedings." *Saurman*, 103 Cal. App. 5th at 1156 (citing *Los Angeles v. Lyons* (1983) 461 U.S. 95, 113).

Because Plaintiff does not plead in her Complaint sufficient facts to confer Article III standing, this Court is deprived of subject matter jurisdiction and this case must be remanded to the California Superior Court where such standing and remedial requirements are not imposed.

**B.    This Case Must Be Remanded Because Defendant Cannot Establish that the Court Has Subject Matter Jurisdiction Under Article III.**

"The burden of establishing jurisdiction falls on the party invoking the removal statute, . . . which is **strictly construed *against* removal.**" *Sullivan*, 813 F.2d at 1371. (emphasis added). Here, Defendant cannot establish that the Court has subject matter jurisdiction under Article III ***at the time of removal*** because Plaintiff has not pleaded an intent to return sufficient to conclude that it is "likely" as opposed to merely "speculative" that the injury will be "redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992). Private individuals may recover only injunctive relief under Title III of the ADA; monetary damages are not available. *See Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1120 (9th Cir. 2000) (citing 42 U.S.C. § 12188(a)). In the context of a suit for injunctive relief, Article III requirements are not satisfied on the pleadings and this Court lacks subject matter jurisdiction. Plaintiff has not pleaded any intent to return to the subject property and there are therefore no facts alleged upon which this Court could determine that Article III standing exists. This Court is deprived of subject matter jurisdiction and this case must be remanded.

**C.    The Court Does Not have Discretion to Dismiss Rather than Remand**

Where a court lacks subject matter jurisdiction because the plaintiff lacks

Article III standing as to all claims asserted, the court cannot make a decision on the merits of a case. See *Ste Steel Co.*, 523 U.S. at 101-02 ("For a court to pronounce upon the meaning or the constitutionality of a state or federal law when it has no jurisdiction to do so is, by very definition, for a court to act ultra vires."). The United States Supreme Court has further made clear that "the literal words of § 1447(c), [] on their face, give no discretion to dismiss rather than remand an action." *Int'l Primate Prot. League*, 500 U.S. at 89 (citations omitted); See also *Lee v. Am. Nat. Ins. Co.*, 260 F.3d at 1006. "The rule that a removed case in which the plaintiff lacks Article III standing must be remanded to state court under § 1447(c)." *Polo*, 833 F.3d at 1196. "Remand is the correct remedy because a failure of federal subject-matter jurisdiction means only that the *federal* courts have no power to adjudicate the matter. State courts are not bound by the constraints of Article III." *Polo*, 833 F.3d at 1196 (emphasis in original). See e.g. *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997). (declining to remand an action due to the plaintiff's lack of Article III standing to sue one defendant in light of the court's subject matter jurisdiction over the plaintiff's other claims).

A recent Central District order in *People for the Ethical Operation of Prosecutors & Law Enf't v. Rackauckas*, Case No.: SACV 18-00805-CJC(JDEx), (C.D. Cal. Jul. 23, 2018) cogently distinguished any possible divestiture theory the Defendant may make on a remand issue nearly identical to this Motion before this Court:

> "Defendants analogize this case to *Advocates for Individuals with Disabilities Found. Inc. v. Russell Enterprises Inc.*, No. CV-16-02380-PHX-JAT, 2016 WL 7187931 (D. Ariz. Dec. 12, 2016), in which the district court dismissed, rather than remanded, the plaintiff's federal claims. (Opp. at 14-16.) The district court determined that it was uncertain that the plaintiff would have standing in state court, and remanded the plaintiff's state law claims. Id. at *3. However, the court dismissed the plaintiff's federal claims without prejudice, reasoning that although the state court had concurrent jurisdiction over the federal claims, "a state's more-lenient standing requirements" cannot divest a

federal court of federal question jurisdiction. Id. The court stated this principle based on an erroneous interpretation of the Supreme Court's decision in *DaimlerChrysler*. The court interpreted *DaimlerChrysler* to stand for the principle that a district court must dismiss, rather than remand, "an action originally filed in state court because the plaintiffs lacked Article III standing and despite plaintiffs filing motions to remand the case to state court." Id. In *DaimlerChrysler*, the plaintiffs argued that they had standing before the Supreme Court, which held that they lacked Article III standing. *DaimlerChrysler*, 547 U.S. at 354. The Supreme Court did not hold that the district court below should have dismissed the case, but rather noted that "the lower courts erred by considering [the plaintiffs'] claims against [the franchise tax credit] on the merits." Id. Defendants would have this Court commit that same error by ignoring Plaintiffs' Article III standing and ruling on Defendants' motion to dismiss.

…

Defendants also argue that the Court should not "divest" itself of original jurisdiction over Plaintiffs' constitutional claims. But Congress specifically has said that jurisdiction is concurrent, and California state courts "possess the authority, absent a provision for exclusive federal jurisdiction, to render binding judicial decisions that rest on their own interpretations of federal law." *ASARCO Inc.*, 490 U.S. at 617 (citing 28 U.S.C. § 1738; *Grubb v. Public Utilities Comm'n of Ohio*, 281 U.S. 470 (1930)); see *Maine v. Thiboutot*, 448 U.S. 1, 3, n. 1 (1980) (finding concurrent jurisdiction over 42 U.S.C. § 1983 suits). The Supreme Court has affirmed that "state courts are not bound by the limitations of a case or controversy or other federal rules of justiciability even when they address issues of federal law, as when they are called upon to interpret the Constitution or [] a federal statute." Id. **If the Court were to adopt Defendants' argument and dismiss Plaintiffs' federal claims, those claims would either be stuck in a perpetual loop of removal to federal court and dismissal for lack of standing, or Plaintiffs would be unable to have their federal claims heard by any tribunal.** The state of California, however, has chosen to confer standing on Plaintiffs to bring the constitutional claims asserted in their Complaint. This Court will not deny Plaintiffs of that right."

*See People for the Ethical Operation of Prosecutors & Law Enf't v. Rackauckas* at *9-10 & footnote 6, Case No.: SACV 18-00805-CJC(JDEx), (C.D. Cal. Jul. 23, 2018) (emphasis added) (See RFJN, **Exhibit 1**).

**D.  Defendant Cannot Establish that Remand Would Be Futile**

As discussed above, a district court generally must remand the case to state court rather than dismiss it. *Bruns*, 122 F.3d at 1257 (9th Cir. 1997). While the Ninth Circuit has previously permitted district courts to dismiss a removed case without remanding it back to state court if remand would be futile, see *Bell v. City of Kellogg*, 922 F.2d 1418, 1425 (9th Cir. 1991), the court stated that its precedents permitting this practice have "been questioned, and may no longer be good law," *Polo*, 833 F.3d at 1197–98 (noting that although the United States Supreme Court has not explicitly rejected *Bell's* "futility doctrine," the Court has "take[n] note of 'the literal words of § 1447(c), which, on their face, give no discretion to dismiss rather than remand an action.'" (quoting *Int'l Primate Prot. League v. Administrators of Tulane Educ. Fund*, 500 U.S. 72, 89 (1991)).

Even if the futility doctrine remains good law, however, "a district court must have absolute certainty that a state court would simply dismiss the action on remand. In other words, only when the eventual outcome of a case after remand is so clear as to be foreordained" has the Ninth Circuit held "that a district court may dismiss it—to prevent any further waste of valuable judicial time and resources." *Polo*, 833 F.3d at 1198 (internal citations and alterations omitted).

Here, Plaintiff has submitted California appellate case law in *Saurman,* 103 Cal. App. 5th 1148 to support that (1) there is no intent to return requirement to establish standing under California law (id. at 1084); (2) the federal Article III standing case and controversy requirement of a "likelihood of future injury" is inapplicable in state court – even as to a direct ADA claim brought in state court (id. at 1148); a plaintiff is allowed to seek injunctive relief based on the interest of third parties as well as the interest of the public in general (id. at 1156). (Pl. Mot. to Remand at 5-6). *Saurman* that explicates how California standing requirements are significantly more relaxed than federal Article III requirements and, even if the futility doctrine were to remain as good law, it cannot be said that the outcome upon remand "is so clear as to be

1    foreordained."  The Court must remand this case.

2    **E.      Any Outcome Except Remand Would Be Wasteful and Impractical**

3            Plaintiff is entitled to the court system in which he files suit.  Federal courts are

4    limited in the subject matter of cases it may adjudicate. *Kokkonen v. Guardian Life Ins.*

5    *Co. of Am.*, 511 U.S. 375, 377, (1994). State courts, by contrast, are not so limited. See

6    *Tafflin v. Levitt*, 493 U.S. 455, 458–60, 110 S.Ct. 792, 107 L.Ed.2d 887 (1990).  As a

7    result, federal and state courts frequently have concurrent jurisdiction over a given

8    case. See, e.g., *id.*; *Colo. River Water Conservation Dist. v. United States*, 424 U.S.

9    800, 809 (1976). When there is concurrent jurisdiction, a plaintiff may choose the court

10   system in which he files suit and is "master of his case." See *Emrich v. Touche Ross &*

11   *Co.*, 846 F.2d 1190, 1196 (9th Cir. 1988). That Defendant prefers to choose its own

12   forum in federal court does not supersede Article III and subject matter jurisdictional

13   requirements.

14           Even if the Court was to dismiss the ADA action for lack of standing and remand

15   the remaining Unruh Act cause of action, nothing will prevent Plaintiff from simply

16   re-alleging the ADA claim again in state court. Surely, it would be sanctionable for

17   Defendant to remove it a second time knowing it would be remanded again and have

18   to again establish jurisdiction. The *Rackauckas* court also identified the absurd result

19   if Plaintiff's ADA claim is dismissed instead of the entire action remanded: "If the

20   Court were to adopt Defendants' argument and dismiss Plaintiffs' federal claims, those

21   claims would either be stuck in a perpetual loop of removal to federal court and

22   dismissal for lack of standing, or Plaintiffs would be unable to have their federal claims

23   heard by any tribunal." *Rackauckas* at *9-10, Case No.: SACV 18-00805-

24   CJC(JDEx), (C.D. Cal. Jul. 23, 2018) (emphasis added) (RFJN **Exhibit 1**).

25           This is also a matter of comity in light of *Arroyo v. Rosas*, 19 F.4th 1202, (9th

26   Cir. 2021), which held that declining supplemental jurisdiction an Unruh Act claim at

27   the outset of litigation will further California's interest in cabining Unruh Act damage

28   claims.  *Arroyo*, 19 F.4th at1216. If this Court routinely does not retain supplemental

1  jurisdiction on Unruh Act claims, dismissing an ADA claim that Plaintiff can

2  ultimately just re-allege after remanded is wasteful. Accordingly, this case should also

3  be remanded as a matter of comity and practicality.

4  **F.    This Action Is Also Not Removable Under 28 U.S.C. § 1332(a)(1)[1]**

5          Plaintiffs are "master[s] of [their] complaint." *Balcorta v. Twentieth Century–*

6  *Fox Film Corp.*, 208 F.3d 1102, 1106 (9th Cir. 2000). As such, "if plaintiff chooses

7  to ask for less than the jurisdictional amount in a state court complaint, absent a

8  showing of bad faith only the sum actually demanded is in controversy even though

9  the pleader's motivation is to defeat removal." 14A Fed. Prac. & Proc. Juris § 3702

10  (4th ed.). If a plaintiff's express claim is limited to less than the minimum

11  jurisdictional sum, the defendant's **"burden of proof [to prove that jurisdiction**

12  **exists] must be a *heavy* one."** *Burns v. Windsor Ins.* Co., 31 F.3d 1092, 1095 (11th

13  Cir. 1994) (emphasis). "Where a complaint is *unclear or ambiguous about the amount*

14  *in controversy*, the court applies a preponderance of the evidence standard that

15  requires the removing defendant to establish that it is more likely than not that the

16  amount in controversy requirement is settled." *Rindels v. Tyco Integrated Sec., LLC*,

17  No. CV 14-6536 RSWL CWX, 2015 WL 469013, at *2 (C.D. Cal. Feb. 4, 2015)

18  (emphasis added) (*citing Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th

19  Cir. 2007) and *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir.

20  1996)).

21          However, **"If removal of a civil action is sought on the basis of the**

22  **jurisdiction conferred by section 1332(a), the sum demanded in good faith in the**

23  **initial pleading *shall* be deemed to be the amount in controversy."** 28 U.S.C. §

24  1446 (c)(2) (emphasis added); *Lewis v. Verizon Communications, Inc.*, 627 F.3d 395,

25  399 (9th Cir. 2010) (recognizing "the sum claimed by the plaintiff controls if the claim

26  is apparently made in good faith") (citing *St. Paul Mercury Indem. Co. v. Red Cab*

27

28  ---
[1] Plaintiff concedes there is diversity of citizenship between the Parties pursuant to 28 U.S.C. § 1332(c). Plaintiff only challenges the amount in controversy element.

*Co.*, 303 U.S. 283, 289 (1938); *Crum v. Circus Circus Enterprises*, 231 F.3d 1129, 1131 (9th Cir. 2000) ("Generally, the amount in controversy is determined from the face of the pleadings. The sum claimed by the plaintiff controls so long as the claim is made in good faith." (citations omitted)).

This general rule comports with the United States Supreme Court's recognition that "[t]he dominant note in the successive enactments of Congress relating to diversity jurisdiction is one of jealous restriction, of avoiding offense to state sensitiveness, and of relieving the federal courts of the overwhelming burden of 'business that intrinsically belongs to the state courts' in order to keep them free for their distinctive federal business." *Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 76 (1941) (citing Henry J. Friendly, The Historic Basis of Diversity Jurisdiction, 41 Har. L. Rev. 483, 510 (1928)).

Indeed, district courts have regularly granted requests for remand where the plaintiff set forth the amount in controversy as below the $75,000 threshold. *See, e.g. Brown v. Citibank USA, N.A.*, No. 2:14-CV-07695-CAS, 2014 WL 5810333, at *3 (C.D. Cal. Nov. 7, 2014) ("[P]laintiffs have availed themselves of their right to circumvent federal jurisdiction by expressly limiting their claims to less than $75,000. While defendants are correct that plaintiffs, pursuing their legal arguments to their logical conclusions, would deprive defendants of property interests in excess of $75,000, plaintiffs are still entitled to disclaim any intent to fashion this sort of relief.") (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1983) ("If [a plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove.")); *Jackson v. Specialized Loan Servicing, LLC*, No. CV 14-05981 MMM PLAX, 2014 WL 5514142, at *12 (C.D. Cal. Oct. 31, 2014) (granting request for remand and finding "the amount in controversy is measured by the damages each plaintiff seeks").

Here, Plaintiff sought statutory damages pursuant thereto (i.e., not actual

damages). Cal. Civ. Code § 51 et seq., 52(a). As such, Plaintiff's action presents solely state law-related questions of law and fact. What is more, Plaintiff clearly, unambiguously, and specifically limited the amount she is entitled to recover to no more than $24,999. (Cmpl. ¶ 75); *Rindels*, No. CV 14-6536 RSWL CWX, 2015 WL 469013, at *2.

Plaintiff alleged exactly two occurrences on August 20, 2024 and August 21, 2024, that are violations of the Unruh Act (Compl. at ℙ 55) and one violation for deterrence (Cmpl. Prayer at ¶ 5).[2]  Defendant then, without any basis and an apparent failure to do basic arithmetic, then states that "*As the requested relief would be no less than "4000 per violation", the damages sought for each violated would total $36,000 at a minimum*" (Dkt. No. 1 at ¶ 12).  Defendant's $36,000 figure makes no sense when the maximum requested by three violations would be $12,000 (2 violations times $4,000 violation and $4,000 deterrence). Defendant's tripling of the amount of statutory damages as asserted in the pleading is an apparent attempt to mislead the court to inflate the amount in controversy.

This figure also makes no sense considering Plaintiff explicitly limited her total recovery to no more than $24,999. Further, this figure contemplates an assumption that the Court will award Plaintiff for each instance she experienced barriers and was deterred, though the weight of case law indicates Plaintiff may likely recover a much lower figure in statutory damages. *See, e.g., Davis v. BMI/BNB Travelware Company dba Colorado Bag'n Baggage*, San Bernardino Superior Case No. CIVDS1504682 (Cal. Super. Ct. Mar. 21, 2016) (Hon. Bryan F. Foster) (limiting Unruh statutory damages in website accessibility case to $4,000); *Vogel v. Rite Aid Corp.*, 2014 WL 211789, at *11 (C.D. Cal. Jan. 17, 2014) (limiting award to plaintiff $12,000 under the Unruh Act); *Feezor v. Del Taco, Inc.*, 431 F. Supp. 2d 1088, 1091 (S.D.Cal.2005)

---

[2] California Civil Code sections §§ 52 and 55.56 allows an award of statutory damages for each occurrence that is a violation of the Unruh Civil Rights Act. Each alleged barrier to access on the website is not an occurrence.

("[T]he Court finds Plaintiff is entitled to the statutory minimum of $12,000–$4,000 for each time he patronized the Restaurant"); *Hubbard v. Rite Aid Corp.*, 433 F. Supp. 2d 1150, 1170 (S.D. Cal. 2006) ("The Court concludes that Plaintiffs are entitled to statutory damages of $4,000 under Section 52 for these three visits for an award of $12,000….").

At this point in litigation, attorneys' fees and costs are also low and should not contribute much to the amount in controversy. *See e.g. Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1016 (C.D. Cal. 2014) (awarding $1,320 in attorneys' fees and $419.20 in costs upon default judgment); *Loskot v. D & K Spirits, LLC*, No. 2:10-CV-0684 WBS DA, 2011 WL 567364, at *6 (E.D. Cal. Feb. 15, 2011) (awarding attorney's fees in the amount of $4,325.00 and costs in the amount of $574.99 upon default judgment); *Johnson v. McMahan Kays*, LLC, No. 2:14-CV-1111-KJM-KJN, 2015 WL 966244, at *6 (E.D. Cal. Mar. 4, 2015) (awarding attorneys' fees and costs in the amount of $2,940.00 upon default judgment).

In determining whether the amount in controversy has been met, the Ninth Circuit has adopted the "either viewpoint rule" for cases involving a single plaintiff seeking injunctive or declaratory relief. *Ridder Bros. Inc., v. Blethen*, 142 F.2d 395, 399 (9th Cir. 1944) ("The value of the 'thing sought to be accomplished by the action' may relate to either or any party to the action.") (citations omitted). Under this test, the amount in controversy is satisfied when the pecuniary result the judgment directly produces to either party exceeds $75,000. *In re Ford Motor Co./Citibank* (S.Dak.), N.A., 264 F.3d 952, 958 (9th Cir. 2001). "In other words, where the value of a plaintiff's potential recovery ... is below the jurisdictional amount, but the potential cost to the defendant of complying with the injunction exceeds that amount, it is the latter that represents the amount in controversy for jurisdictional purposes." *Id.*

While "Federal courts have consistently held that absolute certainty in valuation of the right involved is not required to meet the amount in controversy requirement", there must "be a reasonable probability of an amount in controversy exceeding

jurisdictional amount if an amount can be ascertained pursuant to some realistic formula." *Moore v. Betit*, 511 F.2d 1004, 1006 (2d Cir. 1975); *Xcel Data Sys., Inc. v. Best*, No. 1:08-CV00613OWWGSA, 2009 WL 902412, at *4 (E.D. Cal. Mar. 31, 2009) (acknowledging the "reasonable probability of an amount in controversy exceeding [the] jurisdictional amount" requirement set forth in *Betit*). However, **"[i]f it is unclear what amount of damages the plaintiff has sought, ... then the defendant bears the burden of actually proving the facts to support ... the jurisdictional amount."** *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (emphasis in original). Here, Plaintiff explicitly seeks no more than $24,999 in statutory damages (Compl. ¶ 75) and expressly limited the cost of injunctive relief to $50,000 or less (Compl. ¶ 74 and Prayer ¶ 2). Plaintiff is not unclear in what she seeks to recover: she seeks no more than $74,999.

In an effort to make it over the $75,000 threshold, despite Plaintiff's explicit limitation to no more than $74,999, Defendant offers only conjecture and absolutely no <u>evidence</u> to support its amount in controversy requirement. Defendant presents no evidence of the cost of injunctive relief. Similarly, Defendant offers an exaggerated $36,000 statutory damages figure without referencing any support therefore and despite overwhelming authority that recovery rarely exceeds $12,000, much less drawing from the face of Plaintiff's complaint. It bears repeating that the party asserting federal jurisdiction has the burden of proving the case is properly in federal court. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). Here, Defendant has failed to carry that burden, especially with respect to its attempt build up Plaintiff's allegedly *possible* recovery.

Defendant's blanket, unsupported statements do not show that Defendant's possible costs probably exceed $75,000. If anything, the non-evidentiary conjectures presented by Defendant show that costs in excess of $75,000 are not even remotely possible. This lack of any evidentiary support does not meet Defendant's heavy burden and cannot overcome the Court's obligation to strictly construe against

removal. *Sullivan,* 813 F.2d at 1371*; Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir.1979). Further, based on what Defendant provided to the Court in support of removal, there is far from "any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992).

## III.    CONCLUSION

For the reasons set forth herein, Plaintiff respectfully requests that the Court remand this action to the Superior Court of California for the County of Los Angeles.


Dated: January 8, 2025              **MANNING LAW, APC**


                           By: */s/ Joseph R. Manning, Jr., Esq.*
                               Joseph R. Manning, Jr., Esq.
                               Attorneys for Plaintiff