UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:24-cv-10737-MEMF-RAO                                Date: March 20, 2025

Title   *Perla Mageno v. Mon Restaurant Group, Inc.*

Present: The Honorable:   Maame Ewusi-Mensah Frimpong

| Damon Berry | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings: Order to Show Cause re Subject Matter Jurisdiction**

  On September 11, 2024, Plaintiff Perla Mageno filed a Complaint in the Superior Court of California for Los Angeles County, alleging violations of the Americans with Disabilities Act ("ADA") and California's Unruh Act. *See* ECF No. 1-1. On December 12, 2024, Defendant Mon Restaurant Group ("MRG") removed the case to this Court on the basis of federal question jurisdiction as well as diversity jurisdiction. *See* Notice of Removal, ECF No. 1 ("NOR").

  On January 8, 2025, Mageno moved to remand the action, arguing (1) she had not pled facts sufficient to establish Article III standing for an injunction in federal court and (2) the amount in controversy does not exceed the $75,000 threshold requirement to establish diversity jurisdiction. ECF No. 13 ("MTR").

  MRG opposed the Remand on February 27, 2025, arguing the case was properly removed on both bases. ECF No. 18 ("MTR Opposition"). At this time, MRG also reserved its right to challenge the personal jurisdiction of any California court. In reply, Mageno reiterated her initial bases for removal and declared an intent to amend her Complaint to add a new Defendant to the action and drop the ADA claim. ECF No. 19 ("MTR Reply") at 4.

  On February 26, 2025, MRG filed a Motion to Dismiss for Lack of Personal Jurisdiction. ECF No. 17-1 ("MTD").[1] On March 12, 2025, Mageno filed a First Amended Complaint. ECF

---

[1] The Court finds that MRG failed to meet and confer as required by Local Rule 7-3 and the Court's Civil Standing Order prior to the filing of the Motion to Dismiss, ECF No. 17. In its reply, MRG states that it raised the issue during a meet and confer about Mageno's remand motion, but there is no indication that the parties substantively met and conferred about the issue at that time, nor was it discussed in real time again prior to the filing of the MTD. ECF No. 23 at 1. Accordingly, the Motion to Dismiss is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   2:24-cv-10737-MEMF-RAO                                         Date: March 20, 2025

Title   *Perla Mageno v. Mon Restaurant Group, Inc.*

No. 20 ("FAC").[2] Mageno dropped her ADA claim and added a new Defendant, defendant Mon Group California ("MGC").[3]

The Court notes that based on the FAC, Mageno has dropped the ADA claim—thus, there is no basis for federal question jurisdiction. *See Royal Canin USA, Inc. v. Wullschleger*, 604 U.S. 22 (2025) ("When a plaintiff amends her complaint following her suit's removal, a federal court's jurisdiction depends on what the new complaint says."). Furthermore, there is also no diversity jurisdiction because of the added defendant, MGC, which is a California corporation. Defendants are therefore ORDERED TO SHOW CAUSE in writing by no later than 14 days from the date of this order, why this action should not be remanded for lack of subject matter jurisdiction. Failure to file a timely response by this deadline will result in the remand of this action.

|  | : |
|---|---|
| **Initials of Preparer** | DBE |

---

STRICKEN, and the parties are ORDERED to meet and confer about the issues raised in the Motion to Dismiss in conformity with Local Rule 7-3 and the Civil Standing Order, which may be found at the Court's website.

[2] The Court notes that Mageno filed her FAC without first seeking leave to amend from the Court as required by Fed. R. Civ. P. 15(a)(2). In its response, MRG may make whatever arguments it wishes about why the Court should not accept the FAC.

[3] Mageno also opposed the MTD on March 12, 2025, stating in part that the MTD was moot because of the amendments to the complaint. ECF No. 21 ("MTD Opposition").