UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

Case No.   2:24-cv-10737-MEMF-RAO                                        Date: April 11, 2025

Title   *Perla Mageno v. Mon Restaurant Group, Inc.*

Present: The Honorable:   Maame Ewusi-Mensah Frimpong

| Damon Berry | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings: Order Remanding Case**

On March 20, 2025, this Court issued an Order to Show Cause as to why the action should not be remanded based on the Plaintiff's FAC. ECF No. 24 ("OSC"). The Court ordered Defendant to respond in writing no later than April 3, 2025, and warned that failure to file a timely response will result in remand of the case. *Id.* Defendant filed an untimely response on April 7, 2025. ECF No. 25 ("OSC Response").

Although the filing is late, the Court has considered Defendant's OSC Response and finds that it has failed to show cause as to why the action should not be remanded. In particular, while Defendant contends that the Court cannot remand the case because it has not been served, it cites no authority for this proposition. Rather, Defendant apparently concedes that it would be proper for this Court to address the issue of subject matter jurisdiction before the issue of personal jurisdiction pursuant to *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 578 (1999). *See* OSC Response at 4. And, Defendant fails to show why the Court should make any finding on personal jurisdiction when it is clear that subject matter jurisdiction is lacking based on the amended complaint. *Ruhrgas AG*, 526 U.S. at 588 (where "subject matter jurisdiction" involves "no arduous inquiry," "expedition and sensitivity to state courts' coequal stature should impel the federal court to dispose of [the subject matter jurisdiction] issue first"). Finally, while Defendant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   2:24-cv-10737-MEMF-RAO                                         Date: April 11, 2025

Title   _Perla Mageno v. Mon Restaurant Group, Inc._

contests the filing of the amended complaint under Rule 15(a)(2), the fact that it has never been served makes the amendment of the complaint permissible under Rule 15(a)(1).[1]

    Accordingly, the Court finds that Defendant has failed to show cause as to why the action should not be remanded for lack of subject matter jurisdiction. The Court therefore REMANDS this case to Los Angeles Superior Court forthwith.

|  | : |
|---|---|
| **Initials of Preparer** | DBE |

---

[1] The Court declines to dismiss the action as a whole based on failure to serve within 90 days. _See_ Fed. R. Civ. P. 4(m). As the Court has determined that remand is proper at this time, an order that service be made within a specific time would be moot.